IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUZANNE FERNANDES,

      Plaintiff,                       NO. CIV S-09-2482 GEB GGH

      vs.

FORT DEARBORN LIFE
INSURANCE COMPANY, et al.,          ORDER

      Defendants.
_____/

*Introduction and Summary*

        ERISA cases, whose benefits standard grants discretion to the plan administrator in claims decisions, were initially intended as a record review district court adjudication process. However, the years of ERISA adjudication have complicated that process. The undersigned finds for this ERISA discovery motion filed in 2010 that although discovery is not altogether prohibited, something more than the inherent potential conflict of "adjudicator as payor" must be present before discovery is permitted in ERISA actions seeking review of determinations in non-governmental program disability plans. If discovery is permitted, that discovery is at least initially limited to directly ascertaining the nature and extent of the conflict – period.

        The complaint in this action posits facts which cross the "something more" threshold. Discovery will be permitted as set forth below.

1

*Facts*

Taking the facts of the complaint as true, plaintiff worked for Greater New Bedford Community Health Center ("Greater New Bedford") when she became disabled. She was awarded short term and later, long term disability benefits provided by her employer. Fort Dearborn Life Insurance Co. is currently the plan administrator for Greater New Bedford, but apparently a predecessor insurance company (Highmark Life Insurance) made the initial decisions in plaintiff's case. Fort Dearborn later bought some of Highmark's business (including plaintiff's Greater New Bedford Plan) in 2006. Plaintiff's benefits were briefly terminated approximately from September 2005-February 2006, but then reinstated. Fort Dearborn finally terminated plaintiff's benefits by way of a March 8, 2007 letter.

Plaintiff has been found eligible for Social Security Disability benefits, and apparently still receives them. Fort Dearborn offset those SSA payments due plaintiff under the Greater New Bedford Plan, i.e., subtracted the SSA benefits from any monies otherwise owing under the Plan.

It is undisputed that Fort Dearborn is the Plan administrator (approve, deny and terminate benefits) and payor of the benefits on behalf of the Greater New Bedford Plan.

*Discussion*

Since the standard of review by which the merits of this disability termination case will be judged drives the discovery determination, a word about the correct standard of review for deciding this case is in order.

A "discretionary" ERISA plan whose benefits entitlement is determined by an administrator, who or which, is also responsible for making payments if claims are positively adjudicated, is a plan whose administrator has a conflict of interest. Metropolitan Life Ins. Co. v. Glen, __U.S.__, 128 S.Ct. 2343, 2348 (2008). This conflict does not require *de novo* review of the decision which is claimed to be affected by the conflict, but the conflict is a factor to be determined on judicial review under an abuse of discretion standard of review. Id. at 2350. The

importance of the conflict factor depends on the individual circumstances of the case. Id. at 2351.  For example, if a conflicted administrator has a history of biased decisions, the factor of conflict of the case under review will become much more important when scrutinizing the merits of a claims decision.  If, on the other hand, the administrator has taken concrete steps to minimize any effect of bias, the factor of conflict is at the "vanishing" point. Id.  The Ninth Circuit's case of Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 968-969 (9th Cir. 2006) (en banc), precisely anticipated the discussion of Metropolitan.  See Montour v. Hartford Ins. Co., 588 F.3d 623, 630-31 (9th Cir. 2009).

Thus, evidence outside the record may at times be considered, and hence, discovered.  However, the parties' positions on how much discovery is permitted prove both too much and too little.  Plaintiff would ignore the context in which ERISA decisions are made, abuse of discretion, preferably on a review of the record only, and impose general Fed. R. Civ. P. 26 discovery standards, i.e., general discovery on the barest of factual allegations/conclusions in a complaint.  ERISA benefits were not intended by Congress to be adjudicated in a lengthy, expensive court proceeding.  Chadwick v. Met. Life Ins. Co.. 498 F. Supp. 2d 1309, 1318 (E.D. Cal. 2007) citing Taft v. Equitable Life Assurance Co., 9 F.3d 1469, 1472 (9th Cir. 1994).  The benefits were supposed to be determined within a quick and efficient process, and plaintiff's "everything is fair game in discovery" runs counter to Congress' goal.  On the other hand, Fort Dearborn's quintessentially *Catch 22* position – no discovery is possible until the trial judge makes a determination of the precise standard of review, which by then the time for discovery will have expired, understates the need for the trial judge to have the correct circumstances with which an accurate standard of review may be determined.  It also conflicts with Ninth Circuit precedent which presumes that ERISA actions may have some discovery.  Welch v. Met. Life Ins. Co., 480 F.3d 942, 949-950 (9th Cir. 2007).

The correct balance to be drawn is that set forth in Baldoni v. Unumprovident, Illinois Tool Works, Inc., 2007 WL 649295 (D. Or. 2007) (cited with approval in Chadwick,

3

1  supra.):

2    This district has balanced these opposing considerations-the plaintiff's need and the underlying purpose of ERISA-by requiring plaintiffs to make a threshold showing before discovery will be allowed.

    In general, whether to allow discovery has been evaluated on a case-by-case basis, considering the probative value the discovery would have on whether a conflict of interest exists and, if so, its specific effect on the benefits decision at issue. Discovery has generally not been allowed because the need for discovery in the specific cases where it has been sought did not outweigh the underlying purpose of ERISA, which counsels against discovery. *See, e. g., Dames v. The Paul Revere Life Ins. Co.*, 49 F.Supp.2d 1194, 1203 (D.Or.1994) (plaintiff did not make threshold showing that decision was tainted, which would have entitled her to limited discovery to flesh out the effect of structural conflict of interest); *Palmer v. University Medical Group*, 973 F. Supp 1179, n. 9, 1190 (D.Or.1997) (plaintiff denied discovery, though it might be appropriate when the conflict alleged is of a type that would not be evident on the face of the record).

Baldoni at *5.

\*\*\*

For the reasons discussed above, the rationale for allowing discovery in certain ERISA cases remains persuasive in the wake of *Abatie*. However, the rationale for constraining discovery in ERISA cases remains equally in force. Although *Abatie* cleared the way for a court to consider the effect of a structural conflict of interest, that issue should not be allowed to eclipse the decision on the merits and undermine ERISA's goal to provide inexpensive and expeditious review of benefit decisions. *Abatie* makes clear that the effect of a conflict on an administrator's decision needs to be examined on a case-by-case basis in light of specific facts and circumstances. See 458 F.3d at 968. In light of ERISA's purpose, conflict of interest discovery should not be unlimited. The specific circumstances of each case should determine whether discovery is appropriate, just as it was before *Abatie*.

The requirement of a case-by-case approach undermines plaintiff's assertion that he is entitled to discovery of the type sought in the interrogatories before the court (see p. 6, supra ). In his written and oral arguments, plaintiff stressed that evidence of a parsimonious claims-granting history in the public realm entitles him to broad discovery of similar evidence in UNUMProvident's possession. See Plaintiff's Response to Defendants' Motion for Protective Order (docket No. 63), p. 7. At oral argument, plaintiff took the position that whenever UNUMProvident is a defendant in an ERISA case, the plaintiff should be entitled to the same extensive discovery regarding the handling of other claims that he seeks in the above-referenced interrogatories. That, however, would not be consistent with *Abatie's* instruction that the effect of a conflict be assessed on a case-by-case basis. *Just as the effect of a conflict must be assessed on a case-by-case basis, so should the need for discovery on that issue, which is consistent with this district's prior practice.*

Thus, *Abatie* does not disturb this district's practice to limit conflict of interest

discovery and determine whether to allow it on a case-by-case basis. In light of ERISA's underlying purpose, in cases such as this, when the administrator has an inherent conflict of interest, *discovery should only be allowed when narrowly tailored to significantly illuminate the conflict's effect on the specific benefit decision under review.*

Baldoni at *6-7 (emphasis added).[1]

In the present case, plaintiff does not argue any facts specific to this case to justify outside-the-record discovery. However, the complaint does indicate such specific facts. Plaintiff was found entitled to benefits, terminated, reinstated, and when Fort Dearborn took over – terminated again. Plaintiff alleges that the final termination in this case was performed in the absence of an important medical record. Plaintiff has qualified for disability under Social Security. While the latter fact is not dispositive of the result in this ERISA action, taken in combination with the other facts, the court finds enough of a "threshold" showing that a conflict in this case may have played a more important role in benefits determination than would have otherwise been played merely because of the inherent conflict itself.

On the other hand, the undersigned does not find that the complaint posits specific facts (as aside from a bald conclusion) that routine administrative procedures were not followed in this case. The undersigned will not permit the type of general discovery "fishing" in this ERISA case that plaintiff requests to search for the basis of his unsupported conclusion. There is nothing "tailored" about plaintiff's request in this regard.

The undersigned emphasizes that by this discovery order he has not set forth any standard of review which will bind the district judge when adjudicating the merits.

In light of the above discussion, the court rules as follows on the requests at issue:
1. (Interrogatory) Fort Dearborn's general approval and termination rates for long term disability, 2006-2008 – Denied in light of the discovery granted as to #7 below.

---

[1] The undersigned does not find persuasive cases such as Groom v. Standard Ins. Co., 492 F. Supp. 2d 1202, and [same case] 2007 WL 3355399 (C.D. Cal. 2007) to the extent that these orders could be interpreted as permitting discovery with no showing of facts specific to the case which would warrant discovery outside-the-record for purposes of ascertaining a conflict.

5

2. (Interrogatory) – The basis for remuneration for the employees who participated in determination of plaintiff's claim – Granted.

3. (Request for Production) Copies of all vocational reports prepared by Ms. Howard for Fort Dearborn, 2006-2008 – Denied; this discovery would not directly touch upon any alleged conflict of interest, but would rather degenerate into a case-by-case review of the claim merits of other individuals as compared to plaintiff.

4. (Request for Production ) Copies of all medical reports prepared by Dr. Mercer for Fort Dearborn, 2006-2008 – Denied for the reasons given in # 5.

5. (Interrogatory) Steps Fort Dearborn took to reduce bias and promote accuracy – Granted.

6. (Request for Production) All claims manuals, bulletins et al. in use during 2006-2008, utilized in determining whether to use independent medical examinations and in determining claims involving peripheral neuropathy and herniated discs – Denied; this discovery either seeks to ascertain facts pertinent to plaintiff's claim on the merits, or seeks to discover procedural violations which have not been alleged or supported with any specificity in this case.

7. (Interrogatory) Fort Dearborn's general approval and termination rates for all long term disability claims taken over from Hallmark Life Ins., 2006-2008 – Granted; these statistics may tend to shed some light on the conflict issue in that extraordinary tilts towards denials may tend to establish bias.

8. (Request for Production) Any [documentary] evidence Fort Dearborn plans to proffer demonstrating a lack of bias – Granted. Clearly, if Fort Dearborn plans to introduce outside-the-record documentary evidence on the issue of conflict of interest, plaintiff would be entitled to discover such evidence.

9. (Interrogatory) The total reserve requirement Fort Dearborn was required to maintain as of 2006 before it acquired Highmark Life Ins. business compared with the total reserve requirement after acquisition – Granted in part; this interrogatory is limited to the specific reserves in plaintiff's case, i.e., any reserves set out by Highmark and any post-acquisition reserves for

6

plaintiff by Fort Dearborn.

10. (Request for Production) All Fort Dearborn documents directed to LTD claims handlers during 2006 specifying how to handle LTD claims acquired from Highmark Life – Granted in part; general claims procedures for all claims processing need not be produced; only those documents directly expressing or referencing a distinction between former Highmark claims and other Fort Dearborn claims need be produced.

*Conclusion*

Plaintiff's request to engage in discovery (docket no. 15) is granted and denied as set forth in the text of this order.

DATED: 04/13/10         /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
fernandes.ord