IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUZANNE FERNANDEZ,                    )
                                      )     2:09-cv-02482-GEB-GGH
                Plaintiff,            )
                                      )
        v.                            )     ORDER RE: SETTLEMENT AND
                                      )     DISPOSITION
FORT DEARBORN LIFE INSURANCE          )
COMPANY, GREATER NEW BEDFORD          )
COMMUNITY HEALTH CENTER, INC.,        )
LONG TERM DISABILITY PLAN,            )
                                      )
                Defendants.           )
_____       )

        Plaintiff filed a "Notice of Settlement" on November 24, 2010, in which she states, "this matter has settled [and] [t]he parties expect to document their agreement and dismiss this case within 21 days." (ECF No. 23.)

        Therefore, a dispositional document shall be filed no later than December 15, 2010.  Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed.  See L.R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

        Further, the pending Motion for Summary Judgment is deemed withdrawn in light of the settlement. The Pretrial Conference scheduled to commence at 1:30 p.m. on March 14, 2011 shall remain on calendar,

1

1  however, in the event no dispositional document is filed, or if this

2  action is not otherwise dismissed.[1]

3          IT IS SO ORDERED.

4  Dated:  November 29, 2010

5

6  _____
   GARLAND E. BURRELL, JR.

7  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  _____

26      [1]    The pretrial conference will remain on calendar, because the
   mere representation that a case has been settled does not justify
27  discontinuance of calendering a scheduling proceeding.  Cf. Callie v.
   Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation
28  that claims have been settled does not necessarily establish the
   existence of a binding settlement agreement).